**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**MISCHA WALKER,**

**Petitioner,**

**v.** **Civil Action No. 5:16cv136**
**(Judge Stamp)**

**J. SAAD, Warden,**

**Respondent.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On August 22, 2016, Mischa Walker ("Petitioner") filed a *pro se* Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241. On September 16, 2016, the Petitioner paid the $5.00 filing fee. The Petitioner is a federal inmate housed at FCI Hazelton and is challenging the validity of his conviction in the United States District Court for the District of Maryland. This matter is now pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2.

### II. FACTS[1]

On April 9, 2012, the Petitioner was charged in a two count indictment with felon in possession of a firearm, in violation of 18 U.S.C. §922(g)(1) (Count One) and illegal possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d) (Count Two). ECF No. 8. Through his defense counsel, the Petitioner filed two pretrial motions, seeking to suppress (1) any tangible evidence seized from the apartment and (2) a statement he allegedly made while in custody that he had been smoking PCP an hour before the incident. ECF Nos. 14 & 15. The Court set a hearing on

[1]The fact are taken from the Petitioner's criminal case number 8:12-cr-00199-RWT-1, District of Maryland (Greenbelt). Unless otherwise noted, the ECF entries in this section refer to that criminal case.

these motions, but the Petitioner agreed to plead guilty to Count One before the scheduled hearing.[2] The district court sentenced the Petitioner to a within-Guideline sentence of 120 months.

The Petitioner filed an appeal arguing that the 120-month sentence was substantively and procedurally unreasonable. Rejecting his arguments, the Fourth Circuit affirmed his conviction and sentence in a *per curiam* opinion. United States v. Walker, 523 F. App'x 974 (4th Cir. 2013) (unpublished).

Thereafter, the Petitioner filed a Motion to Vacate pursuant to 28 U.S.C. § 2255. His sole argument for relief was that his trial attorney provided ineffective assistance of counsel by failing "to litigate a meritorious Fourth Amendment claim," which failure led him to plead guilty. ECF No. 46-1 at 2. More specifically, the Petitioner argued that law enforcement officers violated his rights when they entered his apartment after arresting him on the front walkway because they "had no authority to conduct a warrantless search through his home on the basis that it was incident to his arrest, or on the basis of an unjustified protective search." ECF No. 46-1, at 5-6. On July 31, 2015, the Court entered a Memorandum Opinion denying the Petitioner's § 2255 motion. ECF No. 54. The Petitioner did not file an appeal from this decision.[3]

## III. CLAIMS PRESENTED

In his pending 2241 petition, the Petitioner alleges that he is actually innocent of the § 922(g) conviction. In asserting his actual innocence, the Petition relies on the decision in Henderson v. United States, 135 S.Ct. 1780 (2015). The Petitioner expounds on his actual innocence claim by

[2]The Count of possessing an unregistered weapon was dismissed. ECF No. 28 at 1.

[3]However, on June 21, 2016, the Petitioner was granted leave by the Fourth Circuit to file a second or successive § 2255. ECF No. 58. On June 22, 2016, he filed a Motion to Vacate reeking relief under Johnson v. United States, 135 S.Ct. 2551 (2015). ECF No. 59. The motion appears to remain pending.

noting that he "does not dispute that he once had control over the weapon in question. Instead, his argument goes to the second prong of the holding in Henderson. In other words, [he] asserts that he did not have the necessary intent to maintain the control of the firearm. While [he] was once in possession of the firearm, he never had the intent to exercise that past control." ECF No. 2 at 3. For relief, the Petitioner seeks to have his conviction set aside.

## IV. STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254. As a *pro se* litigant, Petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990).

## V. ANALYSIS

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under Section 2255 in the district court of conviction. A petition for writ of habeas corpus, pursuant to Section 2241, on the other hand, is intended to address the **execution** of a

sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Examples of an appropriate use of § 2241, include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." Anderson v. Pettiford, 2007 WL 1577676 (D.S.C. May 31, 2007)(internal citations omitted).

However, despite the fact that a § 2255 petition is the proper vehicle for challenging a conviction or the imposition of a sentence, a § 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of what is known as the § 2255 "savings clause." See Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001). The savings clause provides that a prisoner may file a writ of habeas corpus if a remedy through a § 2255 motion is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255. The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). It is well established that "in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). Furthermore, a § 2255 motion is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under the section is time-barred. United States v. Laurie, 207 F.3d 1075, 1077 (8th Cir. 2000).

The Fourth Circuit has examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit concluded that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this

> circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.[4]

Id. at 333-34. Jones requires that, in order to use § 2241 to challenge detention, a federal prisoner must have "had no opportunity to utilize a § 2255 motion to take advantage of a change applicable law." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010).

The Petitioner does not specifically address the savings clause, but instead, alleges that he is actually innocent of the § 922(g)(1) conviction. In asserting actual innocence, the Petitioner relies on the decision in Henderson in an effort to prove that he did not possess a firearm, and therefore, could not be convicted of being a felon in possession of a firearm. The Petitioner's maintains that this argument was not available to him until after his first § 2255 was decided.

The Supreme Court in Henderson addressed possession for purposes of § 922(g)(1) only indirectly, in the context of deciding whether a convicted person could direct the disposition of a seized firearm. See Henderson, 135 S.Ct. at 1784-85. The Court held that an individual convicted of being a felon in possession of a firearm may direct the transfer of a seized firearm to a third party, provided that the third party would not grant the individual access to the weapon. 135 S.Ct. at 1784-85. It rejected the government's argument that allowing such a transfer would place the felon in possession of the weapon. Id. at 1785. The Court further observed that "the very hallmark of

---

[4]The "gatekeeping" requirements provide that an individual may only file a second or successive § 2255 motion if the claim sought to be raised presents:
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.28 U.S.C. § 2255; see Jones, 226 F.3d at 330.

possession" is that a defendant have "broad [ ] command over the gun's location and use." Id. t 1785 n. 3.

This decision has no bearing on the Petitioner's conviction and falls far short of establishing actual innocence of being a felon in possession of a firearm. The facts related to the Petitioner's case do not parallel that of Henderson nor are they similar to cases in which a defendant is discovered in the vicinity of a gun with no proof that he intended to exercise control over the weapon. In this case, the Petitioner spent the evening of December 8, 2011, terrorizing his neighborhood with a stolen sawed-off shotgun. He fired the shotgun at least once in the open and pointed it at several residents. See ECF No. 54, Criminal No. 8:12-cr-00199-RWT (D.Md.)[5]. Accordingly, at least for some period of December 8, 2011, the Petitioner had possession and exercised control of the firearm. Accordingly the Petitioner has no claim for actual innocence of his 922(g)(1) conviction and does not meet the savings clause of § 2255.

In short, even if the Petitioner satisfied the first and the third elements of Jones, the crime for which he was convicted pursuant to his plea agreement remains a criminal offense, and therefore, the Petitioner cannot satisfy the second element of Jones.. Therefore, because the Petitioner clearly attacks the validity of his conviction, and fails to establish that he meets the Jones requirements, the Petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy and has improperly filed a § 2241 petition.

## VI. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Petitioner's Application for

[5]The Memorandum Opinion denying the Petitioner's § 2255 contains this recitation and cites the Statement of Facts signed by the Petitioner and attached to the Plea Agreement.

Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 be **DENIED WITH PREJUDICE.**

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendations. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: April 7, 2017.

/s Michael John Aloi
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE