IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MISCHA WALKER,

       Petitioner,

v.                                Civil Action No. 5:16CV136
                                         (STAMP)

J. SADD, Warden,

       Respondent.

## MEMORANDUM OPINION AND ORDER
## ADOPTING AND AFFIRMING MAGISTRATE
## JUDGE'S REPORT AND RECOMMENDATION,
## DISMISSING WITHOUT PREJUDICE § 2241 PETITION
## AND OVERRULING PETITIONER'S OBJECTIONS

The petitioner, Mischa Walker ("Walker"), filed this pro se[1] petition under 28 U.S.C. 2241 attacking the validity of his conviction and sentence. The magistrate judge entered a report recommending that Walker's petition be summarily dismissed for lack of subject matter jurisdiction. Walker then filed timely objections to the report and recommendation. For the following reasons, the magistrate judge's report and recommendation is adopted and affirmed, Walker's § 2241 petition is dismissed without prejudice, and Walker's objections are overruled.

## I.  Background

Walker plead guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) before

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

the United States District Court for the District of Maryland. In the plea agreement, Walker stipulated to a statement of facts, providing that he fired a stolen, sawed-off shotgun outside his residence, pointed the firearm at several neighbors, then went inside. Police arrived on the scene and found a spent shotgun shell outside Walker's front door. Walker refused to exit the residence, and the police forcibly removed him. The police then conducted a protective sweep and found a sawed-off shotgun in plain view that was later determined to have been stolen. At Walker's change of plea hearing, the court reviewed this statement of facts with Walker, and Walker affirmed that they were true. The court accepted the plea agreement and sentenced Walker to 120 months of imprisonment.

Walker appealed his conviction and sentence to the United States Court of Appeals for the Fourth Circuit, and it was affirmed. Walker then filed a motion under 28 U.S.C. § 2255 challenging the validity of his conviction and sentence, alleging he was provided ineffective assistance of counsel in violation of the Sixth Amendment. His motion was denied and he did not appeal. Walker has now filed a motion under § 2241 asking this Court to vacate his conviction and sentence on the ground that he is actually innocent of his offense.

## II.  Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made.  Because Walker filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed <u>de novo</u> as to those findings to which objections were made.  As to those findings to which objections were not filed, those findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## III.  Discussion

Magistrate Judge Michael John Aloi concluded that § 2241 is an improper vehicle for Walker's claims because he is challenging the validity of his conviction and sentence and that Walker failed to show that § 2255 was inadequate or ineffective to test the legality of his conviction and sentence.  Specifically, the magistrate judge concluded that Walker's conviction was legal at the time of his guilty plea and that Walker cannot satisfy § 2255's gatekeeping provisions because he does not allege an intervening change in constitutional law.  However, the magistrate judge concluded that Walker fails to established an intervening change in substantive law that would negate the criminality of his conduct.  Walker objects to this conclusion and it will be reviewed <u>de novo</u>.

A prisoner may file a motion under § 2255 to collaterally attack the legality of his conviction or sentence. 28 U.S.C. § 2255(a); Davis v. United States, 417 U.S. 333, 343 (1974). But generally, a prisoner may file a petition under § 2241 to challenge only the manner in which a sentence is executed. 28 U.S.C. § 2241(c). A prisoner may use § 2241 to collaterally attack the legality of his conviction or sentence only if the remedy under § 2255 is "inadequate or ineffective." In re Jones, 226 F.3d 328, 332 (4th Cir. 2000); see also 28 U.S.C. § 2255(e).

Section 2255 is not inadequate merely because the prisoner has been unable to obtain relief under § 2255. In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). Nor is § 2255 rendered inadequate because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal. Id. Rather, § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333-34.

In his objections, Walker argues that Henderson v. United States, 135 S. Ct. 1780 (2015), constitutes an intervening change

in substantive law that makes him actually innocent of his offense. Walker argues that Henderson changed the elements for proving constructive possession under § 922(g) such that the government must establish that Walker specifically intended to exercise control over the firearm. Walker argues that he was not in actual possession of the sawed-off shotgun and that the government failed proffer facts showing he specifically intended to exercise control over it.

However, Henderson has no affect on Walker's guilt or innocence. In Henderson, the Supreme Court held that § 922(g) does not prohibit a court from approving the transfer of a felon's firearms so long as "that disposition prevents the felon from later exercising control over those weapons, so that he could either use them or tell someone else how to do so." Henderson, 135 S. Ct. at 1786. The Court's holding did not alter the elements of a violation of § 922(g) and, thus, does not constitute an intervening change in substantive law affecting Walker's conviction.

Further, while the Court did note that "[c]onstructive possession is established when a person, though lacking such physical custody, still has the power and intent to exercise control over the object," Henderson, 135 S. Ct. at 1784, constructive possession is irrelevant to Walker's conviction. In his plea agreement and at his plea hearing, Walker stipulated to actually possessing, brandishing, and firing a sawed-off shotgun.

Thus, the government did not need to establish constructive possession for Walker to be guilty. Accordingly, <u>Henderson</u> did not alter the substantive law such that Walker's conduct is no longer a crime.

Further, this Court finds no clear error in the magistrate judge's conclusion that Walker's offense was a crime at the time of his conviction and that Walker cannot satisfy § 2254's gatekeeping provisions. However, because he fails to demonstrate an intervening change in substantive law that decriminalizes his conduct, Walker fails to demonstrate that relief under § 2255 is inadequate or ineffective, and this Court lacks subject matter jurisdiction to consider his § 2241 petition.

## IV. <u>Conclusion</u>

For the above reasons, the magistrate judge's report and recommendation (ECF No. 16) is ADOPTED AND AFFIRMED. Walker's § 2241 petition (ECF No. 1) is DISMISSED WITHOUT PREJUDICE, and Walker's objections to the report and recommendation (ECF No. 18) are OVERRULED. It is ORDERED that this civil action be DISMISSED WITHOUT PREJUDICE and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he

must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    May 30, 2017


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE